LATHAM & WATKINS LLP
  Marvin S. Putnam (Bar No. 212839)
    *marvin.putnam@lw.com*
  Laura R. Washington (Bar No. 266775)
    *laura.washington@lw.com*
  R. Peter Durning, Jr. (Bar No. 277968)
    *peter.durning@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501

Attorneys for Defendant
Miramax Film NY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAZ DE LA HUERTA,<br><br>                Plaintiff,<br><br>v.<br><br>HARVEY WEINSTEIN, an individual; and ROBERT WEINSTEIN, in his capacity as an officer and director of Miramax and of The Weinstein Company, LLC and of Miramax; MIRAMAX FILM NY LLC; THE WALT DISNEY COMPANY; MICHAEL D. EISNER, in his capacity as an officer and Director of The Walt Disney Company; ROBERT A. IGER, in his capacity as an officer and Director of The Walt Disney Company; FOUR SEASONS HOTELS, LTD, a Canadian corporation; BURTON WAY HOTELS, LTD, a California Limited Partnership; BURTON WAY HOTELS LLC, a Delaware LLC; and DOES 1 to 25, inclusive,<br><br>                Defendants. | CASE NO.: 2:19-cv-07682<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1441(a), 1331, AND 1334(b)**<br><br>*From the Superior Court of the State of California, County of Los Angeles, Central District, Case No. 19STCV30894* |

**TO THE CLERK AND THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant Miramax Film NY, LLC ("Miramax") hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

Miramax is entitled to remove the above-captioned action to federal court pursuant to 28 U.S.C. §§ 1441(a), 1331, 1334(b), and the following facts.

## PROCEDURAL HISTORY

On August 27, 2019, plaintiff Paz De La Huerta filed a complaint in the Superior Court of the State of California in and for the County of Los Angeles, initiating an action assigned Case No. 19STCV30894 (the "State Court Action"). The complaint named Harvey Weinstein, Robert Weinstein, Miramax, The Walt Disney Company, Michael D. Eisner, Robert A. Iger, Four Seasons Hotels, LTD, Burton Way Hotels, LTD, Burton Way Hotels LLC, and Does 1 to 25 as defendants.

True and correct copies of all records on file in the State Court Action are attached hereto as Exhibits A-F. To date, no defendant in the State Court Action has been served, and no motion or hearing in the State Court Action is pending.

## THE STATE COURT ACTION IS REMOVABLE

The State Court Action is removable to this Court because plaintiff brings her sixth claim for relief under 18 U.S.C. § 1591. *See* Exh. A ¶¶ 129-144. Accordingly, the essential condition of removal—"whether the case originally could have been filed in federal court"—is undoubtedly met here. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). Plaintiff's claim under 18 U.S.C. § 1591 makes the State Court Action a case "arising under the . . . laws . . . of the United States," over which this Court has original jurisdiction on "federal question" grounds. *See* 28 U.S.C. § 1331. Such a case is removable pursuant to 28 U.S.C. § 1441(a), which

provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, maybe removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such an action is pending." Notably, the presence of a single federal-law claim is sufficient grounds to remove an entire action.[1]

The State Court Action is also removable pursuant to 28 U.S.C. § 1334(b), which provides an independent basis for federal jurisdiction. That statute grants to "the district courts" original "jurisdiction of all civil proceedings . . . related to cases under title 11." As plaintiff's complaint repeatedly makes clear, there is a related "case under title 11" pending—namely, the bankruptcy of The Weinstein Company Holdings LLC in the United States Bankruptcy Court for the District of Delaware, Case No. 18-bk-1061-MFW. *See* Exh. A ¶¶ 14, 35. The State Court Action is "related to" that bankruptcy proceeding within the meaning of section 1334(b), which grants an exceptionally broad sweep of jurisdiction to the district courts whenever "the outcome of [a civil action] could conceivably have any effect on the estate being administered in bankruptcy[.]" *Vacation Village, Inc. v. Clark County*, 497 F.3d 902, 911 (9th Cir. 2007) (citation omitted). The complaint confirms that section 1334(b) applies—the bankruptcy estate *itself* was a defendant in plaintiff's "predecessor action" arising from the same basic subject matter (and presumably was dismissed only in an effort to evade the automatic stay of 11 U.S.C. § 362), and at least one named defendant in the State Court Action is alleged to be a "Creditor" of the estate. Exh. A ¶¶ 14, 35. This case therefore could "conceivably have [an] effect" on the bankruptcy proceeding, and is removable for that additional and independent reason, as well. *See* 28 U.S.C. §§ 1441(a), 1334(b).

---

[1] *See, e.g.*, *Embury v. King*, 361 F.3d 562, 565 (9th Cir. 2004) ("[R]emoval is not of a claim, but of the 'case' . . . ."); *Independent Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 287 (9th Cir. 2018) ("Suits with federal and state claims are removed in their entirety . . . .") (Christen, J., concurring); *see also City of Chicago*, 522 U.S. at 165 ("[O]nce the case was removed, the District Court had original jurisdiction over [plaintiff's] claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims . . . .").

## COMPLIANCE WITH 28 U.S.C. § 1446

This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and copies of all filed records in the State Court Action are attached hereto as Exhibits A-F. *See* 28 U.S.C. § 1446(a).[2]

This Notice of Removal has been filed within the time period prescribed by 28 U.S.C. § 1446(b)—*i.e.*, within 30 days of service. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that "formal service" triggers removal deadline). Indeed, plaintiff's complaint has not been served on Miramax at all, and has not even been on file for 30 days. *See* Exh. A at p. 1 (showing file stamp of "8/27/2019"). Even when no formal service has been effected, however, a defendant retains the right to remove an action to federal court *in advance* of the effectuation of service. *E.g.*, *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1368 & n.1 (9th Cir. 1984).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). But that requirement does not apply here because no defendant has been "properly joined and served" (nor served at all) in the State Court Action. *See, e.g.*, *Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) ("At the time of removal, only those defendants who have been properly joined and served need provide their consent.").

Concurrently with the filing of this Notice, Miramax is giving written notice to plaintiff (the sole adverse party) and filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

---

[2] 28 U.S.C. § 1446(a) requires only filing of those records that have been *served* on the removing defendant. Miramax has not been served, but as a courtesy, includes here the publicly available records of plaintiff's filings in the State Court Action.

Miramax does not waive, and expressly preserves, all objections, defenses, and exceptions to the complaint authorized by law, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Miramax removes the State Court Action to this Court.

Dated: September 5, 2019

Respectfully submitted,

LATHAM & WATKINS LLP
Marvin S. Putnam
Laura R. Washington
R. Peter Durning, Jr.

By /s/ Marvin S. Putnam
Marvin S. Putnam
Attorneys for Defendant
MIRAMAX FILM NY, LLC